JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-1829 JGB (DMKx)** | Date | June 30, 2026 |
| Title | ***Alona C. Austria v. Defendant 1 also known as Le, et al.*** | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order (1) DISMISSING Plaintiff's Complaint for Failure to Prosecute; (2) DIRECTING the Clerk of Court to Close the Case (IN CHAMBERS)**

## I.   BACKGROUND

Plaintiff Alona C. Austria ("Plaintiff") commenced this action against Defendant 1, also known as Le ("Le"), and John Doe Defendants 1–10 ("Doe Defendants") on August 26, 2024. ("Compl.," Dkt. No. 1.)  Summons were issued for Defendants on August 29, 2024.  (Dkt. No. 11.)  On April 23, 2025, Plaintiff filed a motion for alternate service, which the Court denied because it lacked sufficient information to decide the motion.  (Dkt. Nos. 23, 26.)  On June 23, 2025, Plaintiff filed a subsequent motion for alternative service and extension of time to serve, which the Court granted in part.  (Dkt. Nos. 27, 32.)  On June 16, 2026, the Court issued an order to show cause as to why the matter should not be dismissed for failure to effectuate service. ("OSC," Dkt. No. 36.)  Plaintiff filed a response essentially stating she lacks information to serve Defendants.  (Dkt. No. 37.)  Accordingly, the Court **DISMISSES** this action **WITHOUT PREJUDICE** for failure to prosecute.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  A plaintiff must prosecute their case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff commenced this action in August 2024 and, to date, has failed to serve Defendants. Thus, the Federal Rules of Civil Procedure compel dismissal for failure to serve Defendants.  See Fed. R. Civ. Proc. 4(m).

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order).  The Court need not explicitly weigh these factors.  See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate.  The first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending."  Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir. 1980).  Both the public and the Court will benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  Plaintiff has delayed this action by failing to properly serve Defendants and continues to have no feasible method of serving Defendants.

Additional delay will prejudice Defendants.  See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."); Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967–68 (9th Cir. 1978) ("[P]rejudice is presumed from unreasonable delay.").  Moreover, less drastic sanctions are not realistic.  The Court has already issued the Order to Show Cause, which fulfilled its "obligation to warn the plaintiff that dismissal is imminent."  Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992).  "[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."  Ferdik, 963 F.2d at 1262 (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 132–33 (9th Cir. 1987)).  In sum, the Court concludes that four of the five factors weigh in favor of dismissing this action in its entirety.  See Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

Accordingly, the Court **DISMISSES** Plaintiff's action **WITHOUT PREJUDICE** for failure to prosecute and **DIRECTS** the Clerk to close the case.  (JS-6)

**IT IS SO ORDERED.**